UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
****************************************
                                       *
DAVID R. ARSENAULT,                    *
        Plaintiff                      *    C. A. No.
                                       *
v.                                     *
                                       *
KEITH OTTO,                            *    JURY TRIAL DEMANDED
        Defendant                      *
                                       *
****************************************
```

# COMPLAINT

## PARTIES

1. Plaintiff DAVID R. ARSENAULT is an individual having an usual place of residence in Elma, New York.

2. Defendant KEITH OTTO is an individual having an usual place of residence at 15 Academy Street, Winchendon, Worcester County, Massachusetts.

## JURISDICTION

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332, in that the plaintiff is a citizen of the State of New York, the defendant is a citizen of the Commonwealth of Massachusetts, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

4. Plaintiff DAVID R. ARSENAULT ("ARSENAULT") was sexually abused when he was a child under the age of 18, is presently less than 53 years of age, and brings this action against defendant KEITH OTTO ("OTTO"), pursuant to Massachusetts General Laws, Chapter 260, §4C, as amended by Chapter 145 of the Acts of 2014,

sections 5 and 8.

5. Beginning in 1981, when plaintiff ARSENAULT was 13 years old, and continuing until 1985, when he was 16 years old, defendant OTTO sexually assaulted and battered plaintiff ARSENAULT on numerous occasions.

6. At all times relevant, plaintiff ARSENAULT worked for defendant OTTO at his flower shop, Mister Otto's Flowers, and he would also mow defendant OTTO's lawn at his personal residence.

7. Plaintiff ARSENAULT was also sexually abused by defendant OTTO's partner, Clifford Leroy, now deceased.

8. While plaintiff ARSENAULT was working in the basement of the flower shop, defendant OTTO and Leroy would stand behind him and reach around and fondle him, and then turn him around and perform oral sex on him.

9. Defendant OTTO's acts of abuse consisted of fondling plaintiff ARSENAULT's penis, and performing oral copulation, and forcing plaintiff ARSENAULT to fondle and perform oral copulation of defendant OTTO's penis.

10. These acts of sexual assault occurred at OTTO's workplace, Mister Otto's Flowers, 71 Pleasant Street, Winchendon, MA 01475; OTTO's residence, 15 Academy Street, Winchendon, MA 01475; in OTTO's work van; in the parking lot of the Immaculate Heart of Mary Church; and at a rental house in Gardner, MA.

11. Plaintiff ARSENAULT has had several mental health treatments as a result of the emotional distress inflicted upon him by OTTO, and has incurred medically related bills as a result.

12. As a result of these acts by defendant OTTO, plaintiff ARSENAULT has been

injured and has suffered severe and permanent physical and emotional injuries.

13. As a result of said injuries, plaintiff ARSENAULT has suffered continual interference with, and interruption of, his education, his employment, his military service, his social relationships, and his daily activities of life.

## CLAIMS FOR RELIEF

### FIRST CLAIM

14. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

15. Defendant OTTO battered the plaintiff ARSENAULT, by engaging in unlawful and non-consensual sexual conduct with him.

### SECOND CLAIM

16. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

17. Defendant OTTO assaulted the plaintiff ARSENAULT, by placing him in fear that he would engage, and would continue to engage, in unlawful and non-consensual sexual conduct with him.

### THIRD CLAIM

18. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

19. Defendant OTTO negligently inflicted emotional distress upon the plaintiff ARSENAULT.

### FOURTH CLAIM

20. Plaintiff realleges and incorporates herein the allegations contained in each and

every other paragraph of this Complaint.

21. Defendant OTTO intentionally inflicted emotional distress upon the plaintiff ARSENAULT.

## FIFTH CLAIM

22. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

23. Defendant OTTO interfered with plaintiff ARSENAULT's rights under the constitution and laws of the United States, and under the constitution and laws of the Commonwealth of Massachusetts by threats, intimidation and coercion.

24. Defendant OTTO's conduct deprived plaintiff ARSENAULT of his constitutional rights to bodily integrity, and to be free from sexual harassment which constitutes discrimination, based upon his gender, under both Article 1 of the Declaration of Rights, and the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. He is liable to the plaintiff in accordance with G.L. c. 12, §11H and 11I.

25. Plaintiff ARSENAULT suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages.  He has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## RELIEF REQUESTED

The plaintiff DAVID R. ARSENAULT demands judgment against the defendant KEITH OTTO on each of the CLAIMS stated, in an amount which is fair, just and adequate for the injuries and damages sustained, and the pain and suffering endured, plus interest,

costs and attorney's fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS**.

By his Attorney,

/s/ *Carmen L. Durso*
CARMEN L. DURSO, ESQUIRE
BBO # 139340
Law Office of Carmen L. Durso
175 Federal Street, Suite 505
Boston, MA 02110-2211
617-728-9123  / *carmen@dursolaw.com*
November 30, 2021