UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID R. ARSENAULT,<br>   Plaintiff,<br><br>  v.<br><br><br>KEITH OTTO,<br>   Defendant. | )<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  NO. 21-40122-TSH<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OF DECISION
September 19, 2022

**HILLMAN, S.D.J.**

### Background

David R. Arsenault ("Arsenault" or "Plaintiff") has brought suit against Keith Otto ("Otto" or "Defendant) alleging claims for non-consensual sexual assault (First Claim), placing him in fear he would engage and continue to engage in non-consensual sexual assault (Second Claim), negligent infliction of emotional distress (Third Claim), intentional infliction of emotional distress (Fourth Claim), and violation of the Massachusetts Civil Rights Act ("MCRA"), Mass.Gen.L. ch. 12, §11H, for deprivation of his right to bodily integrity and to be free from sexual harassment and gender discrimination under the Fourteenth Amendments Equal Protection clause and Article I of the Massachusetts Declaration of Rights (Fifth Claim).

Plaintiff's claims arise out of alleged sexual assaults committed against him when he was a minor by Otto and his partner[1]. The alleged assaults took place from 1981 through 1985 when Plaintiff worked at Otto's place of business, Mister Otto's Flowers, and mowed the lawn at Otto's personal residence.  This Memorandum of Decision and Order addresses Defendant Keith Otto's Motion To Dismiss Claim Five (Docket No. 8).  For the reasons set forth below, that motion is  *granted*.

## Standard of Review

In deciding motions to dismiss, the court views "the facts contained in the pleadings in the light most favorable to the party opposing the motion . . . and draw[s] all reasonable inferences in [that party's] favor." *Curran v. Cousins*, 509 F.3d 36, 43 (1st Cir. 2007). Dismissal is only appropriate if the pleadings, viewed in the light most favorable to the non-moving party, fail to support a "plausible entitlement to relief." *Kimmel & Silverman*, *P.C. v. Porro*, 969 F. Supp. 2d 46, 49-50 (D. Mass. 2013) (citing *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007)).  With this standard in mind, the relevant facts as alleged in the Complaint are as follows.

## Facts

From 1981 and 1985, when Arsenault was between thirteen and sixteen years old, he worked for Otto at his flower shop, Mister Otto's Flowers ("Mister Otto's"). During this period, Arsenault also mowed Otto's lawn his personal residence.  While Arsenault was working in the basement of Mister Otto's, Otto and his partner would stand behind him and reach around and fondle him. They would then turn Arsenault around and perform oral sex on him.  Otto would also force Arsenault to fondle and perform oral sex on him.  Similar acts of sexual assault

---

[1] Otto's partner was deceased at the time of the filing of the Complaint.

occurred at Otto's residence in Winchendon, MA, in Otto's work van (including in the parking lot of Immaculate Heart of Mary Church), and at a rental house in Gardner, Massachusetts.

As a result of the emotional distress inflicted on him connected to the sexual assaults, Arsenault has had to undergo mental health treatment and incurred medical expenses. He has suffered severe and permanent physical and emotional injuries which have led to interruption of his education, employment, military service, social relationships and daily life activities.

## Discussion

Arsenault filed his complain on November 30, 2021, alleging among other claims, that from 1981-1985 Otto violated his right to bodily integrity and sexually harassed of him, based on his gender, in violation of the MCRA.  Otto has moved to dismiss this claim on the grounds that is time-barred under Mass.Gen.L. ch. 260, § 5B, which imposes a three-year statute of limitations for civil rights claims. Arsenault has opposed the motion, asserting that his civil rights claim is timely under Mass.Gen.L. ch. 260, §4C, which imposes a longer statute of limitations in child sex abuse cases.

Chapter 260, §4C provides that:

> "[a]ctions in tort alleging the defendant sexually abused a minor shall commence within 35 years of the acts alleged to have caused an injury or condition or within 7 years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by said act, whichever period expires later; provided, however, that the time limit for commencement of an action under this section is tooled for a child until the child reaches eighteen years of age.

For purposes of this statute, "sexual abuse" is defined to be the commission of any act against a minor as set forth in the Mass.Gen. ch. 265 §§13B, 13B½, 13B¾, 13H. 22, 22A, 22B,22C, 23, 23A, 23B, 24, 24B, 50(b), or Mass.Gen. L. ch. §§2,3,4,4A,4B, 7,8, 13, 17, 29A, 34, 35, 35A.  *See* Mass.Gen.L. ch. 260 §4C.

Chapter 260, §5B provides that:

Actions arising on account of violations of any law intended for the protection of civil rights, including but not limited to actions alleging employment, housing and other discrimination on the basis of race, color, creed, national origin, sex, age, ancestry or handicap shall be commenced only within three years next after the cause of action accrues.

As noted above, Plaintiff alleges that Otto violated his rights under the MCRA by sexually harassing him and depriving him of his right to bodily integrity because of his gender. However, such conduct, while actionable as a constitutional tort under the MCRA, does not constitute an "action in tort" for purposes of Chapter 260, §4C. Moreover, even if the Court were to accept Plaintiff's contention that the alleged claim arises out of tortious conduct within the meaning of Chapter 260, §4C, the allegations, *i.e.,* deprivation of bodily integrity and sexual harassment based on gender, do not constitute "sexual abuse" for purposes of that provision. For these reasons, I find that Plaintiff's MCRA claim is governed by the statute of limitations set forth in Mass.Gen.L. ch. 260 §5B.

Under Chapter 260, §5B, Plaintiff was required to commence his MCRA action within three years after it accrued. The MCRA statute of limitation begins running once a plaintiff knows or has reason to know of the alleged wrongful acts. A plaintiff need not know the extent or severity of the harm suffered. To start the limitations period a plaintiff need only have knowledge of all the facts necessary to make out his civil rights claim. The limitations period begins on the date of the wrongful act, "unless the wrong is 'inherently unknowable.' When the alleged injury is "inherently unknowable," the applicable statute of limitations may be tolled under the discovery rule." *Sampson v. Town of Salisbury*, 441 F.Supp.2d at 275–76 (internal citations, citation to quoted cases and footnotes omitted).

The statute of limitations would have tolled while Plaintiff was a minor. However, Plaintiff would have reached the age of majority in or around 1987— approximately thirty-two

years before he filed suit. Additionally, he has not asserted that he did not have knowledge of or have reason to know of the alleged wrongful acts committed by Otto until November 30, 2018, or after. For example, he has not asserted that he had repressed memories and therefore, that the accrual of his claim was delayed until he regained his memory of the alleged abuses (which for this claim to be timely, would have had to occur on or after November 30, 2018).[2] Under the circumstances, I find that the statute of limitations on Plaintiff's MCRA claim ran at the latest after he attained the age of majority, sometime in or around 1987 and therefore, the claim is time-barred.

## Conclusion

Defendant Keith Otto's Motion To Dismiss Claim Five (Docket No. 8) is ***granted***.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**

---

[2] Plaintiff argues that sexual abuse claims do not accrue until the victim understands that he suffered physical or mental harm and makes the causal connection between the abuse and his damages. The Court agrees. However, based on the allegations in the Complaint, there is nothing to suggest that he was not aware or should not have been aware that he was harmed by Otto well before the statute of limitations ran on his MCRA claim.